IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
LANCE TOD SCHAEFER,             )
SUSAN MARIE SCHAEFER,           )    Bankruptcy No. 03-04583
                                )
    Debtors.                    )

**ORDER RE REQUEST BY DEBTOR FOR DISMISSAL**

This matter came before the undersigned on July 27, 2004 on "Request by Debtor for Dismissal of the Voluntary Chapter 7 Petition." Trustee Renee K. Hanrahan was represented by Attorney Rush M. Shortley. Debtors Lance and Susan Schaefer appeared without counsel. After hearing evidence and arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtors filed their Chapter 7 petition on December 3, 2003. They now wish to dismiss their case. Debtors' request for dismissal states they no longer wish to have a bankruptcy discharge of their debts. They state this coincides with Trustee's complaint seeking denial of Debtors' discharge.

The Court notes that Trustee's adversary complaint in Adv. No. 04-9068 also seeks the avoidance of a number of fraudulent conveyances. Trustee also points out that Debtors are subject to an order requiring turnover by Debtors to Trustee of $8,641.80. Trustee argues that dismissal of this case would give Debtors an opportunity to dispose of their property with no benefit to their creditors.

**CONCLUSIONS OF LAW**

A bankruptcy court's ability to dismiss a voluntary Chapter 7 case is governed by § 707 of the Bankruptcy Code. 11 U.S.C. § 707. Section 707(a) states that "the court may dismiss a case under this chapter only after notice and hearing and only for cause." 11 U.S.C. § 707(a). A debtor in a voluntary Chapter 7 has the right to ask a bankruptcy court

for dismissal under § 707(a).  <u>In re Maixner</u>, 288 B.R. 815, 817 (B.A.P. 8th Cir. 2003).

> Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case.  In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified.  Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors.  Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in an prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

<u>In re Turpen</u>, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000) (citations omitted).

**ANALYSIS**

The Court finds, based on a review of the files and statements made at the hearing, that Debtors have failed to show cause for dismissal and to demonstrate why it is justified.  No creditors have consented to dismissal and Trustee has objected.  Debtors contention that creditors' silence on the motion constitutes consent is without merit.  Trustee's objection to discharge is pending.  The order requiring Debtors to turnover $8,641.80 to Trustee remains unsatisfied.  Trustee's complaint in Adv. No. 04-9068 seeks to avoid various fraudulent transfers for the benefit of creditors.  If Debtors were allowed to voluntarily dismiss, creditors would not receive the benefit of avoidance of these transfers.  The fraudulent transfer action can more efficiently and effectively be handled in bankruptcy court than it would be if individual creditors were required to instigate piecemeal fraudulent transfer litigation in state court.  Debtors have failed to show cause for dismissal.  Dismissal of this case would prejudice creditors.

2

**WHEREFORE**, the Request by Debtors for Dismissal of the Voluntary Chapter 7 Petition is DENIED.

**SO ORDERED** this 29th day of July, 2004.

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE